UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 01 2017

JEFFREY P. COLWELL
CLERK

Thomas P. Vitrano
Plaintiff

vs.                                                     Civil No. 17-cv-01873-LTB

Warden D. Durham, FCI Englewood
Respondent

## MOTION UNDER Rule 60(b)(5)

COMES now, Vitrano, does hereby enter this motion for Relief due to the fact:

"(5) the judgement has been satisfied, released, or discharged;"

### BACKGROUND ON THIS PROCEEDING

Vitrano, approached this court in August, under a 2241 motion, stating his sentence computation, upon his "Johnson Relief" of 2015, had been incorrectly re-packaged, and therefor he was already at "time served" in 2015.

Clerical error on behalf of the Sentencing court, which was raised in the 7th Circuit earlier this year, was in error, again overlooked.

MOVANT, filed a rule 60(b) motion to this court (ECF No.14) of which this court construed as a Rule 59(e) motion; This court denied the Rule 59(e) motion. (ECF. 15)

This court Denied such motion on the grounds that: **"Mr. Vitrano's claims are barred by 28 U.S.C. § 2244(a) because the claims were raised and addressed on the merits in a prior habeas corpus action."**

Respectfully, this court is in clear error,

**"[T]he principle of finality" is "essential to the operation of our criminal justice system." Teague v. Lane, 489 US 288, 309, 109 S.Ct 1060, 103 L.Ed 2d 334 (1989)(plurality opinion)** as Cited in 195 LED 2D 1 US  Foster v. Chatman.

The earlier claim, was never addressed on the merits of the calculation errors. These would be the "merits", of which Vitrano has failed to yet, receive a Federal district Courts ruling on.

### ARTICLE III INJURY SUSTAINED

A petitioner to the Federal Court, must satisfy Article III requirements of "injury-in-fact". (See 197 LED 2D 678  US  Bank of Am. Corp. v. City of Miami)
  **"The plaintiff must show an "injury in fact" that is "fairly traceable" to the defendants conduct and "that is likely to be redressed by a favorbale judicial decision"** Spokeo, Inc v. Robins, 578 U.S. _ . _ . 136 S.Ct 1540, 194 L.Ed 2d 635 (2016)

MOVANT Vitrano, has offered this court mathmatical proof, as to his sentence being **"satisfied"**. This court simply has to check the calculations,(merits of Argument)

1

This argument, shows merits "traceable to" the prior Federal Courts which failed to reach a "final decision" based on the facts in dispute.

This is the reason Vitrano is before this Federal Court, again.

## FINALITY IS IMPERATIVE FOR JURISDICTION

According to this Circuits standard for "final decision", it is imperative for any court, to reach the merits of the facts in dispute, make a final decision and rule accordingly.

("**Although a dismissal withou prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable.**" LEXIS 3690 Banks v. Katzenmeyer, Mar 2017 (relying on Amazon Inc. v.Dirt Camp Inc, 273 F.3d 1271, 1275 (10th Cir 2001).

This standard is supported by Supreme Court Holding in Catlin vs United States:

"**see Catlin v United States 324 U.S. 229, 233, 65 S.Ct 631, 89 L.Ed 911(1945) (a final decision is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgement."**) as relied on in LEXIS 1949, Smith v. United States Feb 2017, 10th Circuit CA.

## FUNDAMENTAL MISCARRIAGE OF JUSTICE

This court in its recent Order stated Vitrano "failed to demonstrate cause and prejudice" or "that a fundamental miscarriage of justice will occur if the Court does not address the claims."

Vitrano has now clearly shown this court, Miscarriag of justice is ongoing. MOVANT request of this court, to address his claims of "sentence satisfied", and make a finding of factual, calculated sentence, since his 2015 "Johnson" re-tabulation.

## RELIEF REQUESTED

Vitrano, does ask this court, to Calculate his sentence, since the 2015 Resentence as of the "Johnson relief"; Upon such, provide a hearing to address such error; Order the Respondent to provide this court with its "math" on this issue; make a finding of facts (for the records) and issue a "final and appeable" order of law.

Submitted to this court this 25th day of October 2017,

Thomas P. Vitrano
Pro Se
9595 W.Quincy Ave
Littleton, CO 80123
** Haines v. Kerner Standard applies **

CC. Warden of FCI Englewood.

2


